UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE HENDRICKSON, | 1:12-CV-00328 LJO BAM HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| HECTOR RIOS, JR., | |
| Respondent. / | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the United States Bureau of Prisons at the United States Penitentiary located in Atwater, California. He is serving a sentence of 293 months for his 1992 conviction in the United States District Court for the Eastern District of New York.

Petitioner filed the instant petition on March 5, 2012. Petitioner does not challenge his underlying conviction and sentence. Rather, he complains that the Bureau of Prisons has failed to award him 589 days of pre-sentence credit. Respondent filed an answer to the petition on June 4, 2012. Petitioner filed a traverse on July 26, 2012.

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and the exhibits attached to Respondent's answer.

**DISCUSSION**

I. Venue

  Petitioner is in custody at the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court. Therefore, this Court is the proper venue. 28 U.S.C. § 2241(d).

II. Jurisdiction

  Relief by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241 extends to a person in federal custody if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In this case, Petitioner seeks credit against his sentence which would shorten the duration of his sentence. Therefore, the Court has subject matter jurisdiction to consider his claims.

III. Review of Petition

  Petitioner contends the Bureau of Prisons has failed to credit him with 589 days of pre-sentence credits for the time spent in custody from Petitioner's arrest on November 15, 1990, through his sentencing on June 25, 1992. Respondent argues that in fact, the Bureau of Prisons has already awarded this credit to Petitioner. In support of his position, Respondent submits a declaration from Kara Carr, who is a Correctional Programs Specialist at the Designation and Sentence Computation Center. See Resp't's Ex. 1, Carr Decl. The Carr Declaration includes several records concerning Petitioner's sentence. See Resp't's Ex. 1, Carr Decl., Attachments A-G. According to the declaration, Petitioner has already been granted the requested credit. Attached to the declaration is the SENTRY Public Information Inmate Data report of Petitioner's sentence. See Resp't's Ex. 1, Carr Decl., Attachment E. The report clearly shows that Petitioner was awarded 589 days of pre-sentence credits. See Resp't's Ex. 1, Carr Decl., Attachment E at 3. The report further demonstrates that the credits were properly accounted for in the computation of Petitioner's release date. Id. Since Petitioner has already received the credit that is the subject of this petition, his

claim must fail and the petition should be denied.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after date of service of the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen (14) days after date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 9, 2012**                                   **/s/ Barbara A. McAuliffe**
                                                                            UNITED STATES MAGISTRATE JUDGE